IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HENRI WALKER PALACIOS ZEPEDA, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> JEFFREY CRAWFORD, *et al.* ) <br> ) <br> *Respondents*. ) <br> ) | 1:25-cv-1561 (PTG/LRV) |

**ORDER**

This matter comes before the Court on a Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner Henri Walker Palacios Zepeda is a national and citizen of El Salvador, who entered the United States without inspection in March 2004. *Id.* ¶ 38. On August 21, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officials and first taken to the ICE Field Office in Chantilly, Virginia. *Id.* ¶ 40. He was later transported to and is currently detained at the Farmville Detention Center ("FDC"), which is located within this Court's jurisdiction. *Id.* ¶ 41. He has sued Jeffrey Crawford, the Warden of the FDC, and others, contending that his detention violates his constitutional rights. *Id.* ¶¶ 57-86. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 9 at 1. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 9), and Petitioner's Reply (Dkt. 10), the Court concludes that it has jurisdiction and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

1

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, habeas is "regularly invoked on behalf of noncitizens." *Hasan v. Crawford*, 1:25-cv-1408, 2025 WL 2682255, at *3 (E.D. Va. Sept. 19, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001)). Petitioner challenges the legality of his detention. Dkt. 1 ¶¶ 57-90. Such a challenge is "separate and apart from . . . any deportation or removal hearing or proceeding." *Hasan*, 2025 WL 2682255, at *4 (quoting 8 C.F.R. § 1003.19(d)). The Petition does not challenge "removal proceedings, adjudication of removal proceedings, and execution of removal orders." *Id.* at *4 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under 1225(b)(2) or whether his detention is governed by § 1226(a). On September 9, 2025, an immigration judge ("IJ") determined that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2) and that the immigration court did not have jurisdiction to issue a bond. Dkt. 1 ¶ 49 (contending that IJ determined he did not have jurisdiction under *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216, 218-19 (BIA 2025)). Likewise, Respondents assert that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 9 at 5-7.

As conceded by Respondents, this jurist, and others in this Court, have repeatedly rejected Respondents' assertion. Dkt. 9 at 2; *see, e.g.*, *Hasan*, 2025 WL 2682255, at *6-9; *Quispe-Ardiles v. Noem*, 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). In fact, courts outside this jurisdiction

have been almost unanimous in their rebuff. *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner alleges, and Respondents do not dispute, that Petitioner has resided continuously in the United States for over two decades.[1] Dkt. 1 ¶ 38; Dkt. 9 at 10. As such, Petitioner is entitled to an immediate bond hearing under 8 U.S.C. § 1226(a), and its implementing regulations, before an immigration judge. At that hearing, the government must prove by clear and convincing evidence that Petitioner poses a danger to the community, or prove by a preponderance of the evidence that Petitioner is a flight risk, if it seeks to continue detaining him. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.l(d)(l). Unless and until the government meets that burden, Petitioner's continued detention is unlawful.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; and its hereby

**ORDERED** that Mr. Palacios Zepeda be immediately released from custody, with all his personal property, pending his bond hearing before the IJ. Mr. Palacios Zepeda must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order, and appear at the bond hearing once the government notifies him of its date, time, and location; it is further

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that Petitioner has no criminal history in or outside of the United States. *Id.* at 52.

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 21st day of November, 2025
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge